GERLING KONZERN ALLGEMEINE VERSICHERUNGS AG v LAWSON

Docket No. 237284. Submitted October 1, 2002, at Lansing. Decided
December 3, 2002, at 9:15 A.M. Leave to appeal sought.

Gerling Konzern Allgemeine Versicherungs AG, as insurer and subro-
gee of the University of Michigan Regents, brought an action in the
Washtenaw Circuit Court against Cecil R. Lawson and American
Beauty Turf Nurseries, Inc., seeking, under MCL 600.2925a, contri-
bution toward amounts paid by the plaintiff in settlement of per-
sonal injury claims brought by persons injured in an automobile
accident involving a vehicle driven by a university employee and a
vehicle driven by Lawson, who was an American Beauty employee.
After the court's motion cutoff date, the defendants moved for
leave to file a motion for summary disposition on the ground that
the plaintiff had failed to state a claim on which relief can be
granted in light of the abolition of joint and several liability for per-
sonal injury, with certain exceptions not applicable to this case, as
provided by 1995 PA 161 and 1995 PA 249. The court, Timothy P.
Connors, J., denied the motion. The defendants appealed by leave
granted.

The Court of Appeals *held*:

Under the plain and mandatory language of the 1995 tort reform
legislation, MCL 600.2956, 600.2957(1), and MCL 600.6304, a defen-
dant cannot be held liable for damages beyond the defendant's pro
rata share, except in certain specified circumstances. Accordingly,
*in actions seeking damages for personal injury* there would be no
basis for a claim of contribution. Moreover, because joint liability
remains in certain circumstances, the Legislature would have no
reason to repeal MCL 600.2925a, which provides for a right of con-
tribution. For purposes of settlement, a party must assess its pro
rata share of liability in arriving at the settlement amount, that is,
the amount for which it could be found liable if the action were to
proceed to trial. Under the 1995 tort reform legislation, the plaintiff
in this case was not exposed to liability beyond its pro rata share;
therefore, the plaintiff's decision to voluntarily pay pursuant to a
settlement must be attributed to its own assessment of liability
based on its insured's negligence. The plaintiff's claim for contribu-

tion based on its allegation that it made a payment greater than its pro rata share thus cannot be sustained.

In light of the dispositive nature of the defendants' proposed motion for summary disposition, the trial court abused its discretion in denying them leave to file the motion for summary disposition. Because the plaintiff may not seek contribution from the defendants, the defendants are entitled to judgment as a matter of law. On remand, the trial court should dismiss the plaintiff's claim with prejudice.

Reversed and remanded.

*Lacey & Jones* (by *Michael T. Reinholm*) for the plaintiff.

*G. W. Caravas & Associates, P.C.* (by *Gary W. Caravas*), and *Kopka, Landau & Pinkus* (by *Mark L. Dolin*) for the defendants.

Before: COOPER, P.J., and JANSEN and R. J. DANHOF*, JJ.

PER CURIAM. Defendants appeal by leave granted the trial court's order denying leave to file a motion to dismiss pursuant to MCR 2.116(C)(8). We reverse and remand for entry of an order dismissing plaintiff's claim with prejudice.

This case arose from a traffic accident involving one vehicle occupied by Ricki Ash and James Nicastri; one vehicle driven by Barry Maus, who was employed by the University of Michigan Regents; and a semi truck driven by defendant Cecil R. Lawson, who was employed by defendant American Beauty Turf Nurseries, Inc. Plaintiff in this case is the insurer of Maus and the regents. Ash, Nicastri, and Lawson sued Maus and the regents for their injuries; the cases

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

were settled with plaintiff, on behalf of the regents, paying Ash and Nicastri approximately $2.2 million and Lawson $85,000.

Plaintiff then filed a complaint against defendants for statutory contribution pursuant to MCL 600.2925a. Defendants answered, asserting inter alia that plaintiff "failed to state a cause of action upon which relief may be granted." Several months later, defendants filed a motion for summary disposition that alleged plaintiff and the regents had not complied with the notice requirements of the contribution statute. The motion was denied.

One year later, after the trial court's dispositive motion cutoff date, mediation, and settlement conferences, defendants moved for leave to file a motion to dismiss pursuant to MCR 2.116(C)(8). Defendants argued that the 1995 tort reforms, specifically MCL 600.2956, MCL 600.2957(1), and MCL 600.6304(1), abrogated plaintiff's cause of action for contribution. Without addressing the substantive issue, the trial court denied defendants' motion, stating, "The period for raising such issues was long since passed. The case is ready for trial. The motion for leave to file a motion to dismiss based on this case law from over a year ago is denied." The trial court also issued an order denying defendants' motion for a stay.

We review a trial court's refusal to allow further filings after a discovery deadline under an abuse of discretion standard. See, e.g., *Carmack v Macomb Co Community College*, 199 Mich App 544, 546; 502 NW2d 746 (1993). A decision on a motion for summary disposition is reviewed de novo. *Singerman v Muni Service Bureau, Inc*, 455 Mich 135, 139; 565 NW2d 383 (1997). Questions regarding the interpreta-

tion and construction of statutes are questions of law, which this Court also reviews de novo. *Stozicki v Allied Paper Co, Inc,* 464 Mich 257, 263; 627 NW2d 293 (2001).

Whether the 1995 tort reform legislation permits contribution in cases where one tortfeasor settled with the injured party is a question of first impression for this Court. Our primary goal when interpreting statutes is to give effect to the intent of the Legislature. *Nawrocki v Macomb Co Rd Comm,* 463 Mich 143, 159; 615 NW2d 702 (2000). We must first examine the language of the statute, affording the words their common and ordinary meaning. *Stozicki, supra* at 263; *Nawrocki, supra* at 159. If the statutory language is clear and unambiguous, it reflects the intent of the Legislature and judicial construction is not permitted. *Michalski v Bar-Levav,* 463 Mich 723, 731; 625 NW2d 754 (2001). Furthermore, this Court will not read anything into the statute that is not within the manifest intent of the Legislature as gathered from the act itself. *In re S R,* 229 Mich App 310, 314; 581 NW2d 291 (1998).

In its enactment of 1995 PA 161 and 1995 PA 249 (the 1995 tort reform legislation), the Legislature made many changes to the Revised Judicature Act, including the elimination of joint liability in a variety of circumstances. See MCL 600.2956, MCL 600.2957, and MCL 600.6304; *Kokx v Bylenga,* 241 Mich App 655, 662; 617 NW2d 368 (2000).

MCL 600.2956 states:

> Except as provided in section 6304, in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint.

However, this section does not abolish an employer's vicarious liability for an act or omission of the employer's employee.

## MCL 600.2957(1) further provides:

In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

## Moreover, MCL 600.6304 provides, in relevant part:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

(a) The total amount of each plaintiff's damages.

(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.

\*     \*     \*

(4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided in subsection (6), a person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1).

Also relevant to the instant action is the contribution statute, MCL 600.2925a(1), enacted before the 1995 tort reform legislation, which provides, in pertinent part:

> (1) Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
>
> (2) The right of contribution exists only in favor of a tortfeasor who has paid more that his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share. A tortfeasor against whom contribution is sought shall not be compelled to make contribution beyond his own pro rata share of the entire liability.

The 1995 tort reform legislation applies to contribution claims; thus, contribution claims based on tort involving the fault of more than one person are no longer viable because there is no joint liability in those circumstances. *Kokx, supra* at 663-664. Specifically, this Court has stated:

> [U]nder the plain and mandatory language of the revised statutes, a defendant cannot be held liable for damages beyond the defendant's pro-rata share, except in certain specified circumstances. Accordingly, in actions based on tort or another legal theory seeking damages for personal injury . . . there would be no basis for a claim of contribution. Moreover, because joint liability remains in certain circumstances, the Legislature would have no reason to repeal § 2925a, which provides for a right of contribution . . . . [*Id.* at 663.]

Further, this Court held: "[T]o the extent that the statutes enacted as part of the Legislature's 1995 tort

reform do not allow a person to be held responsible for paying damages beyond the person's pro-rata share of responsibility as determined under § 6304, claims for contribution are no longer viable." *Id.* at 664.

Plaintiff, however, argues that this rule does not apply where the action from which the contribution claim arises has been settled before trial, that there must be a specific finding regarding the fault of each tortfeasor to determine its pro rata share of the common liability, and that it must be given the opportunity to establish that it has paid more than its pro rata share of the common liability.

We find plaintiff's argument unpersuasive. The statutory provisions at issue are clear and unambiguous, as is the case law. *Smiley v Corrigan*, 248 Mich App 51, 56; 638 NW2d 51 (2001); *Kokx, supra.* The 1995 tort reform legislation abolished joint and several liability, replacing it with "fair share liability" in actions of this nature; the parties never become jointly and severally liable in tort as required by MCL 600.2925a. *Smiley, supra* at 55. The purpose of this legislation is to ensure that exposure to liability is limited to a party's own pro rata degree of fault. *Id.* Therefore, there is no longer a basis for a party to assert that it was exposed to liability greater than its pro rata share, and parties in these instances are no longer entitled to contribution. For purposes of settlement, a party must assess its pro rata share of liability in arriving at the settlement amount, that is, the amount for which it could be found liable if the action were to proceed to trial. Under the 1995 tort reform legislation, plaintiff was not exposed to liability beyond its pro rata share; therefore, plaintiff's

decision to voluntarily pay pursuant to a settlement must be attributed to its own assessment of liability based on its insured's negligence. Plaintiff's claim for contribution based on its allegation that it made a payment greater than its pro rata share thus cannot be sustained.

In light of the dispositive nature of defendants' proposed motion for summary disposition, we find that the trial court abused its discretion in denying them leave to file the motion for summary disposition. Because plaintiff may not seek contribution from defendants, defendants are entitled to judgment as a matter of law; on remand, the trial court should dismiss plaintiff's claim with prejudice.

Although the time set forth in the scheduling order for dispositive motions had expired, the court rules expressly provide that defendants may "at any time" assert that plaintiff has failed to state a cause of action. MCR 2.116(D)(3). MCR 2.116(D)(3) "serves to remove any time limit for asserting [MCR 2.116(C)(8)] as a basis for summary disposition." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 392, n 16; 651 NW2d 756 (2002). This is clearly logical, because no party should have to defend a claim that is not recognized in the state. Moreover, a scheduling order cannot give rise to a cause of action that does not exist. We find the denial of defendants' motion, on the basis of its relative untimeliness, was an abuse of discretion and, therefore, in error.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.