Taylor, J.
We granted leave to appeal to determine whether local school districts, which are required to submit building plans to the state superintendent of public instruction for approval pursuant to MCL 380.1263(3), must also comply with township zoning and planning ordinances pursuant to the Township Zoning Act, MCL 125.271 et seq., and the township planning act, MCL 125.321 et seq. We conclude that because the text of MCL 380.1263(3) grants the state superintendent sole and exclusive jurisdiction over local school district construction and site plans, it immunizes school districts from local zoning ordinances affecting those functions. However, a majority declines to address whether this is an impermissible delegation of legislative power because the state superintendent is not a party to this suit.
Accordingly, a majority affirms in part and vacates in part the judgment of the Court of Appeals.
I
Before beginning construction of a new high school in Northville Township, the Northville Board of Education met with township officials to discuss the effect of local zoning ordinances on its site plan. Although somewhat productive, conflicts remained *289 and the township sought to enjoin construction.[1] The trial court denied a stay, but allowed nearby landowners to intervene as plaintiffs. After discovery, the township and intervening plaintiffs moved for summary disposition. The circuit court denied the motion on the basis of the text of MCL 380.1263(3), which grants sole and exclusive jurisdiction over school site plans to the state superintendent.
The intervenors appealed, and the Court of Appeals affirmed, holding that the text of the revised school code, MCL 380.1263(3), conveys a clear intention to grant “sole and exclusive jurisdiction” over site plans to the state superintendent. The Court also rejected intervenors’ claim that the Legislature unconstitutionally delegated legislative authority to the state superintendent, concluding that the statute provides sufficient construction and design standards.[2]
We granted intervenors’ application for leave to appeal.[3]
II
We review de novo decisions on summary-disposition motions. Stanton v Battle Creek, 466 Mich 611, 614; 647 NW2d 508 (2002). Similarly, we review de novo questions of statutory interpretation. In re MCI, 460 Mich 396, 413; 596 NW2d 164 (1999).
*290 III
To determine whether local school districts are subject to township zoning and planning ordinances, we must examine the authority of the school district to develop school construction and site plans, with the approval of the state superintendent, under MCL 380.1263(3).
MCL 380.1263(3) states:
The board of a school district shall not design or build a school building to be used for instructional or noninstructional school purposes or design and implement the design for a school site unless the design or construction is in compliance with [MCL 388.851 to 388.855a]. The superintendent of public instruction has sole and exclusive jurisdiction over the review and approval of plans and specifications for the construction, reconstruction, or remodeling of school buildings used for instructional or noninstructional school purposes and of site plans for those school buildings. [MCL 380.1263(3) (emphasis supplied).]
Of importance is that this subsection vests design and construction oversight authority over the district’s decision in the state superintendent, who has “sole and exclusive jurisdiction . . . .”
The first step in construing a statute is to discern legislative intent. To do this requires review of the statutory text adopted by the Legislature. House Speaker v State Administrative Bd, 441 Mich 547, 567; 495 NW2d 539 (1993). If unambiguous, the Legislature will be presumed to have intended the meaning expressed, and the courts enforce that meaning without further judicial construction or interpretation. Grievance Administrator v Underwood, 462 Mich 188, 193-194; 612 NW2d 116 (2000). These rules control the disposition of this matter.
*291 We determine that the statute here is unambiguous. It grants sole and exclusive jurisdiction to the state superintendent to review and approve plans and specifications of school buildings and site plans for those buildings. Thus, what the state superintendent approves is immune from the provisions of local zoning ordinances.
In Dearden v Detroit, 403 Mich 257, 264; 269 NW2d 139 (1978), a case concerning the authority of the Department of Corrections to locate prisons without regard to local zoning, in which the department was given exclusive jurisdiction concerning location, we found the words “exclusive jurisdiction” indicative that the department had, not surprisingly, exclusive jurisdiction. In later cases, apprehensive that this may have suggested a need for “talismanic words,” and that a court, not finding any, might conclude that the state agency was not immune from local zoning, we indicated in Burt Twp v Dep’t of Natural Resources, 459 Mich 659, 669; 593 NW2d 534 (1999), that even in the absence of talismanic words the state agency may be immune if the Legislature’s intent to immunize was otherwise clear. The thrust of this was that a court should look to the intent of the Legislature and not just do a word search. We recently discussed this again in Pittsfield Charter Twp v Washtenaw Co, 468 Mich 702; 664 NW2d 193 (2003). We now come full circle. The fact that the Legislature does not have to use talismanic words does not mean that, if it does, they are to be disregarded. That is, Burt Twp, et al., should correctly be understood as recognizing an enlarged target for the Legislature, but it should not be read to say a bull’s eye no longer counts. With that in mind, as explained below, we conclude that “sole *292 and exclusive jurisdiction” means, again we hope not surprisingly, sole and exclusive jurisdiction.
We find the dictionary definitions dispositive. “Sole” means “[b]eing the only one; existing or functioning without another or others; only.” The American Heritage Dictionary of the English Language (1981). Similarly, “exclusive” is defined as “not divided or shared with others [or] single or independent; sole.” Id. The Legislature’s choice of modifiers reflects its intention to unambiguously vest “jurisdiction,” i.e., “the general power to exercise authority,” in the state superintendent. Black’s Law Dictionary (7th ed).
This leaves to be determined the definition of “site plan.” The dictionary defines “site” as “The place where something was, is, or is to be located,” The American Heritage Dictionary of the English Language (1982), or similarly, “[T]he area or exact plot of ground on which anything is, has been, or is to be located . . . .” Random House Webster’s College Dictionary (1997). “Plan” is defined as “A detailed scheme, program, or method worked out beforehand for the accomplishment of an object.... A proposed or tentative project or goal. . . .” The American Heritage Dictionary of the English Language (1982). Thus, it is apparent that the meaning of “site plan,” with no qualifying modifiers, is the plan for everything on the property, i.e., the entire project.
This definition is consistent not only with the common understanding of the phrase but also with the Legislature’s use of the term “site plan” in both the Township Zoning Act and the township planning act. The Township Zoning Act states that the proposal for the individual “site plan” of a property owner or user must be “in compliance with local ordinances and *293 state and federal statutes.” MCL 125.286e(l). If it is, the township zoning authorities have the duty to approve it. Similarly, in the township planning act, the site plan must “comply with the [township’s basic development] plan adopted under this section.” MCL 125.326(4). If the site plan does comply, it is to be approved by the planning authorities. Thus, in both these acts the site plan, i.e., what is to be undertaken on the site, is presented to the appropriate zoning and planning authorities and, if consistent with the ordinance and plan, it is to be approved.
In a fashion similar to the procedure followed by individuals who wish to have their site plans approved by the zoning and planning authorities discussed above, the school district, under MCL 380.1263(3), must present its site plan to the state superintendent for approval. Just as the township zoning authorities have duties to accept or reject the individual homeowner’s site plan, so the state superintendent has similar duties to “review and approvfe]” the school district’s site plans.
This understanding of MCL 380.1263(3) makes clear that the state superintendent’s power is unaffected by any zoning or planning rules or ordinances regarding what goes on within the site itself. While this may appear to be an extensive grant of authority, it is, in our view, no more so than, and indeed of a piece with, the authority given to the ultimate reviewing authorities by the Township Zoning Act and the township planning act.
We also note that this interpretation is in harmony with the general structure of MCL 380.1263(3), in which the state superintendent is given distinct duties regarding both construction and site plans. Because *294 the state superintendent must approve construction plans and, as a separate matter, approve site plans, we are led to the conclusion that the Legislature considered these two types of plans as not being identical. Thus, we conclude that it was the Legislature’s view that “site plans” would not be coterminous with “construction plans.” Our interpretation of the statute is consistent with this.
Further, it is important that neither the Township Zoning Act nor the township planning act by its terms requires school district compliance with zoning ordinances. Intervening plaintiffs correctly note that MCL 125.273 and 125.327(2)(a) clarify that township zoning ordinances and plans should be drafted to accommodate a community’s educational needs. However, it does not necessarily follow that local school districts must comply with all township land-use controls prescribed by ordinance.[4]
Intervenors further argue that “site plans” cannot extend beyond the construction of school buildings because the state superintendent’s agents testified in the matter that they have no published standards for site design and do not review site plans for land-use matters. This argument has no merit. The purported failure to act on the part of the state superintendent’s agents is not indicative of the Legislature’s intent and *295 cannot control the meaning of the statutes at issue. The intervenors’ claim in this regard would be better understood as precipitating challenges to the administration of the statute rather than its meaning.
After considering all the above arguments and applying Dearden, it is our view that the Legislature clearly evidenced an intention to grant “sole and exclusive jurisdiction” over school construction and site plans to the state superintendent, thereby immunizing local districts from township zoning ordinances as they affect the content of the site plan itself. MCL 380.1263(3). Because nothing in either the Township Zoning Act or the township planning act suggests an intent to usurp the state superintendent’s “sole and exclusive jurisdiction” over design, construction, and siting requirements, we must conclude that local school districts for their site plans must seek only the state superintendent’s approval and need not have the approval of township zoning and planning authorities.

IV

Intervening plaintiffs also argue that this act is unconstitutional because it is an impermissible delegation of legislative power to the state superintendent. For us to address whether this statute effects an impermissible delegation of legislative authority, it would have been necessary for the state superintendent to have been joined as a party pursuant to MCR 2.205(A). Because this did not take place, the issue is not properly before us and we decline to address the matter further. Similarly, the matter was not properly presented to the Court of Appeals and that Court’s opinion, to the extent that it considered this issue, must be vacated.
*296 V
As we read Justice Cavanagh’s opinion, he agrees with us that MCL 380.1263(3) granted the state superintendent authority superseding township zoning ordinances for what goes on within the site itself. He would go further however, understanding the statute to mean that
there is no reason to presume the state superintendent’s review power over local school districts is necessarily limited to activities contained within the site itself. (Post at 301).
Thus, he concludes that
it would be inappropriate to suggest that, even in some limited fashion, local school districts should be subject to township zoning authorities. (Post at 301).
Justice Weaver concurs with our approach to the authority of the superintendent stating that
the text of MCL 380.1263(3) evidences a legislative intent to subject local school districts to the authority of the state superintendent of public instruction, thus immunizing districts from township zoning ordinances. (Post at 302).
Thus a clear majority of the Court agrees that the authority of the state superintendent pursuant to MCL 380.1263(3) is at least as broad as set forth in this opinion.
Justice Markman disagrees with us. Under Justice Markman’s interpretation of MCL 380.1263(3) the words “sole and exclusive jurisdiction” do not convey that the jurisdiction is sole and exclusive. His view, we believe, is inconsistent with the Legislature’s grant of “sole and exclusive jurisdiction over the review *297 and approval” of the site plans as well as, were it the majority, an effective overruling of the line of cases commencing with Dearden and including Burt Twp, Byrne v Michigan, 463 Mich 652; 624 NW2d 906 (2001), and most recently, Pittsfield Twp.[5]
As for plaintiffs’ claim that MCL 380.1263(3) is unconstitutional because it is an inappropriate delegation of legislative power to the state superintendent, Justice Markman, while otherwise dissenting as we have mentioned, concurs with our position that to reach this issue the state superintendent should have been joined as a party. Justice Cavanagh, in his concurrence, only briefly addresses this issue without stating a preference for its resolution. Justice Weaver, however, reaches the delegation question and finds no improper delegation. Accordingly, with others joining this plurality, a clear majority of the Court agrees that the failure to join the state superintendent as a *298 party precludes us from resolving the claim that MCL 380.1263(3) is an unconstitutional delegation of legislative power.
VI
In the present case, the Legislature vested “sole and exclusive jurisdiction” over school construction and site plans in the state superintendent of public instruction, who has the approval authority for school construction and site plans submitted by the local school districts. This unambiguous language, when viewed in light of the zoning authority granted to townships in the township zoning and planning acts, indicates an intention to immunize school districts from local ordinances as they affect the content of a school site plan. Further, the issue of delegation of legislative authority to the state superintendent is not properly before us, and a majority declines to consider it. For these reasons, with others joining this plurality, the Court affirms the judgment of the Court of Appeals dismissing the intervening plaintiffs’ appeal after the denial of their motion for summary disposition and the Court vacates those portions of the opinion of the Court of Appeals that address the issue of delegation of legislative authority to the state superintendent of public instruction.
Corrigan, C.J., and Young, J., concurred with Taylor, J.

 After reviewing defendant’s site plans, the township provided over ninety zoning-related recommendations. Defendant school district addressed each concern and complied with all but a handful of recommendations.

 Although the township also appealed separately, it then settled with the school district and that appeal was dismissed.

 467 Mich 896 (2002).

 Intervening plaintiffs also assert that the Legislature, by not expressly exempting school districts from zoning regulations, as it had regarding certain gas and oil operations and electric transmission lines, should be held to have not intended to exempt school districts from zoning. MCL 125.271(1). However, as we noted in Pittsfield Charter Twp v Washtenaw Co, 468 Mich 712, this reads too much into these existing exceptions, which, by the nature and timing of their enactment, were the Legislature’s attempt to coordinate other statutes with the Township Zoning Act, not to identify the only possible exceptions to a township’s zoning authority.

 Moreover, with respect to Justice Markman’s concern that unfortunate consequences may flow from the state superintendent having such power, we do not share his apprehensions. Regarding the prospect of a school district recommending, and the state superintendent approving, plans that are in conflict with a community’s interests, it is, of course, possible, but seems unlikely when one recalls that the local school district, the generator of the site plan, is controlled by a locally elected board. We believe they, as other unnamed elected officials in whom Justice Markman seems to have more confidence, can be expected to be sensitive to the local community interests. If they are not, there are the usual political remedies. In any event, assuming this is insufficiently reassuring, we fail to see why, as a general matter, these elected officials would be inherently less sensitive to local concerns than would be an appointive (that is, unelected) zoning board or planning commission. Further, reinforcing our conclusion in this regard is the fact that the state superintendent serves at the pleasure of yet another elected body, the State Board of Education. Thus, we believe the statute, as we have construed it, will produce fewer discordant outcomes with local wishes than can be expected under Justice Markman’s approach. If, however, this is not the case, it is within the Legislature’s power to simply change the process to have ultimate authority rest with appointed zoning boards and planning authorities.