684 N.W.2d 358 (2004)
471 Mich. 855
GERLING KONZERN ALLGEMEINE VERSICHERUNGS AG, subrogee of the University of Michigan Regents, Plaintiff-Appellant,
v.
Cecil R. LAWSON and American Beauty Turf Nurseries, Inc., Defendants-Appellees.
Docket No. 122938. COA No. 237284.
Supreme Court of Michigan.
July 28, 2004.
On order of the Court, on the Court's own motion, we direct the Clerk to set this *359 case for reargument and resubmission at the October 2004 session. The parties are DIRECTED to file supplemental briefs not later than 42 days after the date of this order. The parties are directed to include among the questions briefed: (1) Did the abolition of joint liability in most tort actions, MCL 600.2956, eliminate the right of contribution among settling tortfeasors under MCL 600.2925a? (2) Under what circumstances does a "common liability" among settling tortfeasors and non-settling alleged tortfeasors exist? See MCL 600.2925a(2). Does "common liability" refer to joint liability only, or does it also include several liability? How should "common liability" be construed in light of the language of MCL 600.2925a(1) providing a right of contribution "when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death"? (3) Where a trier of fact must allocate liability in direct proportion to a person's percentage of fault, MCL 600.2957(1), when, if ever, might a tortfeasor's settlement of a case include another alleged tortfeasor's percentage of fault? That is, is the settling tortfeasor, to the degree it settles over its own percentage of fault, a mere volunteer? (4) Does the injured party's actual amount of damages play a role in determining whether a settling tortfeasor has paid more than its pro rata share? If so, how is this amount proved? Are amounts paid by the settling tortfeasor for non-fault reasons (such as a desire for quick resolution or for anonymity) separated out and, if so, how? (5) What is the pleading burden on the contribution plaintiff who alleges that defendant is a tortfeasor, that plaintiff has paid more than its pro rata share of common liability, and that defendant has not paid its pro rata share of liability? (6) What is the effect in this case, if any, of (a) the fact that plaintiff has already paid defendant to settle defendant's claims against plaintiff, and (b) the fact that plaintiff did not attempt to join defendant in the underlying suit against plaintiff?
Persons or groups interested in the resolution of the questions presented are invited to move for leave to file briefs amicus curiae.
WEAVER, J., dissents and states as follows:
I dissent from the order because I am prepared to decide this case and do not believe that reargument is necessary to enable the Court to decide this case.
MICHAEL F. CAVANAGH, J., joins the statement of WEAVER, J.
MARILYN J. KELLY, J., dissents and states as follows:
In my opinion, the parties are entitled to a decision from this Court without further waiting. The following would be my decision. Because additional briefing and oral argument has been requested, I will be willing, of course, to revise my thinking to the extent I am shown to be incorrect.
Plaintiff seeks contribution from defendants for a portion of settlement monies paid to two third parties in a three-way automobile accident. We are asked to decide whether such a contribution action is possible under the facts of this case and in length of tort reform legislation enacted in 1995. I would find that it is not.
Under MCL 600.2956, part of the 1995 tort reform legislation, tortfeasors' potential liability in a personal injury lawsuit is several and not joint. Plaintiff's insured was not liable for defendants' negligence and thus could not have been held legally responsible to pay damages to third parties for injuries arising from defendants' negligence. When plaintiff settled with third parties, the amount it agreed to pay *360 cannot be held to have included anything other than plaintiff's insured's own percentage of fault for the accident. Any additional amount is deemed a voluntary payment.
Accordingly, plaintiff cannot now seek contribution from the defendants for monies it paid in settlement of the third parties' claim. Therefore, we should affirm the decision of the Court of Appeals.

FACTS AND LOWER COURT PROCEEDINGS
This case is a secondary proceeding that arose from a three-vehicle traffic accident on October 21, 1997. One vehicle was occupied by Ricki Ash and James Nicastri. Another was driven by Barry Maus, who was employed by the University of Michigan Regents. Plaintiff is the insurer of Maus and of the regents. The third vehicle was a semitrailer driven by defendant Cecil R. Lawson, who was employed by defendant American Beauty Turf Nurseries, Inc.
Ash and Nicastri sued Maus and the regents for damages for their injuries. In a separate proceeding, Lawson sued Maus and the regents for his injuries. Plaintiff settled both lawsuits on behalf of Maus and the regents, paying approximately $2.2 million to Ash and Nicastri and $85,000 to Lawson.
In November 1999, plaintiff filed a separate complaint seeking statutory contribution from Lawson and American Beauty Turf under MCL 600.2925a for a portion of the amount it had paid to Ash and Nicastri. Defendants moved for summary disposition in their favor, alleging that plaintiff and the regents had not complied with the notice requirements of the contribution statute. See MCL 600.2925a(3) through (5). The trial court denied the motion and found that plaintiff had given defendants sufficient notice of its settlement negotiations with Ash and Nicastri. These claims are not at issue in this appeal.
After the trial court's motion cutoff date passed, defendants moved to dismiss pursuant to MCR 2.116(C)(8). They argued that the 1995 tort reform legislation, specifically MCL 600.2956, 600.2957(1), and 600.6304(1), abrogated plaintiff's cause of action for contribution. Without addressing the substantive issue, the trial court denied the motion as untimely.
On appeal, the Court of Appeals reversed the decision and remanded for entry of judgment in defendants' favor. It held that, under the express language of the statutes at issue, contribution was not available to plaintiff. 254 Mich.App. 241, 248, 657 N.W.2d 143 (2002). We granted leave to appeal on plaintiff's application.

STATUTORY LANGUAGE
We review de novo a decision on a motion for summary disposition. Questions of the interpretation and construction of statutes are questions of law that we also review de novo. Northville Charter Twp. v. Northville Pub. Sch., 469 Mich. 285, 289, 666 N.W.2d 213 (2003). When construing a statute, our goal is to ascertain and give effect to the intent of the Legislature in writing it. Turner v. Auto Club Ins. Ass'n, 448 Mich. 22, 27, 528 N.W.2d 681 (1995). The best measure of intent is the words used by the Legislature. Chandler v. Dowell Schlumberger Inc., 456 Mich. 395, 398, 572 N.W.2d 210 (1998).
As the Court of Appeals correctly noted, at issue here is the interplay between the provisions in the 1995 amendments of the Revised Judicature Act[1] and the preexisting contribution provisions contained in MCL 600.2925a, 600.2925b, and 600.2925c.
The pertinent sections of MCL 600.2925a provide:

*361 (1) Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
(2) The right of contribution exists only in favor of a tort-feasor who has paid more that his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share. A tort-feasor against whom contribution is sought shall not be compelled to make contribution beyond his own pro rata share of the entire liability.... [Emphasis added.]
One tortfeasor can seek contribution from another regardless of whether a judgment has been entered against either. MCL 600.2925c(1). However:
If there is not a judgment for the injury or wrongful death against the tort-feasor seeking contribution, his right to contribution is barred unless he has discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within 1 year after payment, or unless he has agreed while action is pending against him to discharge the common liability and has, within 1 year after the agreement, paid the liability and commenced his action for contribution. [MCL 600.2925c(4) (emphasis added).]
MCL 600.2925b provides its own treatment of the expression "pro rata share," which includes considerations of fault and equity:
Except as otherwise provided by law, in determining the pro rata shares of tortfeasors in the entire liability as between themselves only and without affecting the rights of the injured party to a joint and several judgment:
(a) Their relative degrees of fault shall be considered.
(b) If equity requires, the collective liability of some as a group shall constitute a single share.
(c) Principles of equity applicable to contribution generally shall apply.
It is against this backdrop that we address plaintiff's right to contribution under the 1995 tort reform legislation. MCL 600.2956 states:
Except as provided in [MCL 600.6304], in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint. However, this section does not abolish an employer's vicarious liability for an act or omission of the employer's employee.
MCL 600.2957(1) similarly states:
In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to [MCL 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
In connection with the above, the relevant portion of MCL 600.6304 provides:
(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants *362 and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:
(a) The total amount of each plaintiff's damages.
(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.
* * *
(4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided in subsection (6), a person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1)....

ANALYSIS
After reviewing the statutory provisions cited above, I agree with much of the rationale used by the Court of Appeals in this case and in its previous opinion of Kokx v. Bylenga, 241 Mich.App. 655, 617 N.W.2d 368 (2000). The essence of these opinions is that the 1995 tort reform legislation has prevented and rendered unnecessary most claims for contribution in personal injury accidents.
Contribution remains a useful tool for fault and liability allocation in certain other circumstances. The Court of Appeals in Kokx opined:
[U]nder the plain and mandatory language of the revised statutes, a defendant cannot be held liable for damages beyond the defendant's pro-rata share, except in certain specified circumstances. Accordingly, in actions based on tort or another legal theory seeking damages for personal injury ... there would be no basis for a claim of contribution. Moreover, because joint liability remains in certain circumstances, the Legislature would have no reason to repeal § 2925a, which provides for a right of contribution.... [Id. at 663, 617 N.W.2d 368.]
I agree with these observations. For example, MCL 600.2956 continues to recognize that common or joint liability exists in claims involving "an employer's vicarious liability." Also, an employer can seek contribution from a union in a sex discrimination claim against it brought by an employee. Donajkowski v. Alpena Power Co., 460 Mich. 243, 264, 596 N.W.2d 574 (1999).
However, the statutory language at issue in this case supports defendants' position. In order for one tortfeasor to recover contribution from others, he must pay the complainant more than his pro rata share of the common liability. The amount that he may recover from the others is limited to the amount he paid to the complainant in excess of that for which he was liable. MCL 600.2925a(2). See also MCL 600.2925c(4). In this case, before any such calculation may be entertained, plaintiff must establish that under MCL 600.2957 or MCL 600.6304 there is common liability among the defendants.
This Court has previously discussed the interplay between contribution and "common liability" as follows:
The general rule of contribution is that one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution *363 against the others to obtain from them payment of their respective shares. [Caldwell v. Fox, 394 Mich. 401, 417, 231 N.W.2d 46 (1975) (emphasis added).]
Thus, in order to enforce contribution under the revised act, it is necessary that the tortfeasors "commonly share a burden of tort liability, or as it is sometimes put, there is a common burden of liability in tort." O'Dowd v. Gen. Motors Corp., 419 Mich. 597, 604-605, 358 N.W.2d 553 (1984) (citations omitted). See also Caldwell, supra at 420 n. 5, 231 N.W.2d 46.
Sections 2956, 2957, and 6304 replaced the notion of common liability, which also has been referred to as joint and several liability, with "fair share liability." See Smiley v. Corrigan, 248 Mich.App. 51, 53 n. 6, 638 N.W.2d 151 (2001).
Thus, because liability can no longer be joint but is now solely several under circumstances such as exist in this case, there is no basis for contribution. There is no "common liability" from which to seek it. See Restatement 3d Apportionments, § B19, comment K.
Plaintiff argues that § 2925a(1), because it refers to persons who become "jointly or severally liable," may apply to cases in which tortfeasors are severally liable under MCL 600.2956. However, plaintiff fails to evaluate this provision in conjunction with the limitation in § 2925a(2). That section expressly restricts the right of contribution to circumstances where there has been a payment of greater than one's pro rata share of "common liability." See also § 2925c(4). Thus, it is not enough that tortfeasors are "jointly or severally liable." Before contribution can be sought, they must share a "common liability." This does not occur when the liability of tortfeasors is several. As stated in Restatement Torts, 3d, Apportionment of Liability, § 11, p. 108:
When, under applicable law, a person is severally liable to an injured person for an indivisible injury, the injured person may recover only the severally liable person's comparative-responsibility share of the injured person's damages.
I find comment c of the same provision also persuasive to my analysis:

c. Contribution by severally liable defendant. When all defendants are severally liable, each one is separately liable for that portion of the plaintiff's damages. Since overlapping liability cannot occur, severally liable defendants will not have any right to assert a contribution claim. [Id. at 109.]
Therefore, the conclusion in Salim v. LaGuire,[2] that common liability could exist among individuals responsible for an accident causing a single indivisible injury, may have been correct before the enactment of tort reform. However the injury involved in this case is not an "indivisible injury" under MCL 600.2925a.
Similarly, plaintiff cannot rely on the language of MCL 600.2925b simply because it sets out guidelines for determining the "pro rata share" of common liability. The statute does not expose plaintiff to greater liability than it would otherwise have under § 2956, § 2957, and § 6304. Where common liability exists, a review could be made of the measure of pro rata shares under MCL 600.2925b possibly subjecting a tortfeasor to more liability than his actual percentage of fault. However, § 2925b does not apply where there is no common liability.
It is clear that this pro rata division can be made only when the tortfeasors actually share a common tort burden or liability. But because this case is a personal injury *364 action, it is governed by MCL 600.2956 and, pursuant to that statute, there is no common liability. Hence, plaintiff's insured was responsible only for its own separate liability to Ash and Nicastri.
Even if plaintiff deliberately paid more than its pro-rata share of the total liability, it cannot recover any of that excess from defendants. As the Court of Appeals aptly stated, "plaintiff's decision to voluntarily pay pursuant to a settlement must be attributed to its own assessment of liability based on its insured's negligence." 254 Mich.App. at 247-248, 657 N.W.2d 143 (2002). This view is certainly not unusual:
In a several liability system, the nonsettling tortfeasor is held only for his comparative fault share. In determining the percentage responsibility of the nonsettling tortfeasor, jurors must determine the comparative share of every tortfeasor, including those who have settled. However, a determination that A's fault was 50% and B's fault was 50% does not affect A's settlement or his liability. It merely means that B is liable for 50%, no more, no less. If A paid more than 50% of the damages, that was his decision. If he paid less, the plaintiff made a bad bargain, but none of this matters to B's liability. [Dobbs, The Law of Torts, (2001) § 390, p. 1088.]
In addition, while settlements are generally favored, neither the language of MCL 600.2925a nor MCL 600.6304 clearly reflects the goal of promoting voluntary settlement.[3] Instead, their provisions are designed to achieve similar ends. They are intended to place the risk of, and burden for, payment upon a party only to the extent it is actually responsible for the injury. This applies even if the injury is indivisible.

CONCLUSION
The language in MCL 600.2925a(2) and 600.2925c(4) allows recovery in a contribution action based on "common liability" only. MCL 600.2956 precludes common liability in a personal injury lawsuit. Because the lawsuit underlying this action was for personal injury, plaintiff's insured could not be held liable for contribution. It is liable only for its "fair share" of the damages incurred by Ash and Nicastri based on its percentage of fault.
Accordingly, plaintiff cannot justifiably state that when it settled with Ash and Nicastri it was at risk of shouldering more than its fair share of a common burden and it cannot now recover contribution from defendants on the theory that it paid more than its pro rata share of such liability.
Therefore, the decision of the Court of Appeals should be affirmed.
NOTES
[1] 1995 PA 161 and 1995 PA 249.
[2] 138 Mich.App. 334, 340, 361 N.W.2d 9 (1984).
[3] I recognize that the language of MCL 600.2925a(3) discusses the mechanism of what must be done during settlement negotiations to permit a subsequent contribution action. However, I read this language as a bar to tortfeasors who do not first seek the inclusion of other potentially liable parties in the settlement negotiations, not as a policy statement of the preference for settlement.