KELLY, J.
(dissenting). Plaintiff seeks contribution from defendants for a portion of settlement monies paid to two third parties following a traffic accident involving three vehicles. We are asked to decide whether a contribution action is possible under the facts of this case and in light of tort reform legislation enacted in 1995.
The majority finds that such an action is viable, even considering that Michigan has adopted a comparative negligence scheme for personal injury actions. Under it, plaintiff would not have been liable for defendants’ percentage of fault had this case proceeded to trial. Because I believe that the majority misreads this tort reform legislation, I disagree with its conclusions.
According to MCL 600.2956, part of the 1995 tort reform legislation, tortfeasors’ potential liability in a personal injury lawsuit is several and not joint. Applied to this case, it follows that plaintiff s insured was not *65 liable for defendants’ negligence. Hence, it could not have been held legally responsible to pay damages to third parties for injuries arising from defendants’ negligence. When plaintiff settled with the third parties, the amount it agreed to pay could not be held to have included any of another party’s percentage of fault for the accident.
Consequently, I would find that plaintiff cannot now seek contribution from the defendants for monies it paid in settlement of the third parties’ claim. Thus, I would affirm the decision of the Court of Appeals that any amount that plaintiff paid in excess of its insured’s percentage of fault should be deemed a voluntary payment.
FACTS AND LOWER COURT PROCEEDINGS
This case is a secondary proceeding that arose from a three-vehicle traffic accident on October 21, 1997. One vehicle was occupied by Ricki Ash and James Nicastri. Another was driven by Barry Maus, who was employed by the University of Michigan Board of Regents. Plaintiff is the insurer of Maus and of the regents. The third vehicle was a semitrailer driven by defendant Cecil R. Lawson, who was employed by defendant American Beauty Turf Nurseries, Inc.
Ash and Nicastri sued Maus and the regents for damages for their injuries. In a separate proceeding, Lawson sued Maus and the regents for his injuries. Plaintiff settled both lawsuits against Maus and the regents, paying on their behalf approximately $2.2 million to Ash and Nicastri and $85,000 to Lawson.
In November 1999, plaintiff filed a separate complaint seeking statutory contribution under MCL 600.2925a from Lawson and American Beauty Turf for a portion of the amount it had paid to Ash and Nicastri. *66 Defendants moved for summary disposition in their favor, alleging that plaintiff and the regents had not complied with the notice requirements of the contribution statute. See MCL 600.2925a(3) through (5). The trial court denied the motion and found that plaintiff had given defendants sufficient notice of its settlement negotiations with Ash and Nicastri. These claims are not at issue in this appeal.
After the trial court’s motion cutoff date passed, defendants moved to dismiss pursuant to MCR 2.116(C)(8). They argued that the 1995 tort reform legislation, specifically MCL 600.2956, 600.2957(1), and 600.6304(1), abrogated plaintiffs cause of action for contribution. Without addressing the substantive issue, the trial court denied the motion as untimely.
On appeal, the Court of Appeals reversed the decision and remanded for entry of judgment in defendants’ favor. It held that, under the express language of the statutes at issue, contribution was not available to plaintiff. 254 Mich App 241, 248; 657 NW2d 143 (2002). We granted plaintiffs application for leave to appeal, 469 Mich 954 (2003), and subsequently ordered that the case be reargued and resubmitted. 471 Mich 855 (2004).
STATUTORY LANGUAGE
This Court reviews de novo a decision on a motion for summary disposition. Questions regarding the interpretation and construction of statutes are questions of law that are also reviewed de novo. Northville Charter Twp v Northville Pub Schools, 469 Mich 285, 289; 666 NW2d 213 (2003). When construing a statute, our goal is to ascertain and give effect to the intent of the Legislature in writing it. Turner v Auto Club Ins Ass’n, 448 Mich 22, 27; 528 NW2d 681 (1995). The best measure of intent is *67 the words that the Legislature used. Chandler v Dowell Schlumberger Inc, 456 Mich 395, 398; 572 NW2d 210 (1998).
As the Court of Appeals correctly noted, at issue here is the interplay between the provisions in the 1995 amendments of the Revised Judicature Act[1] and the preexisting contribution provisions contained in MCL 600.2925a, 600.2925b, and 600.2925c.
The pertinent subsections of MCL 600.2925a state:
(1) Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
(2) The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share. A tort-feasor against whom contribution is sought shall not be compelled to make contribution beyond his own pro rata share of the entire liability. [Emphasis added.]
One tortfeasor can seek contribution from another regardless of whether a judgment has been entered against either. MCL 600.2925c(l). However:
If there is not a judgment for the injury or wrongful death against the tort-feasor seeking contribution, his right to contribution is barred unless he has discharged by payment the common liability within the statute of limitations period applicable to claimant’s right of action against him and has commenced his action for contribution within 1 year after payment, or unless he has agreed while action is pending against him to discharge the common liability and has, within 1 year after the agreement, paid the *68 liability and commenced his action for contribution. [MCL 600.2925c(4) (emphasis added).]
MCL 600.2925b addresses the expression “pro rata share” and includes considerations of fault and equity:
Except as otherwise provided by law, in determining the pro rata shares of tortfeasors in the entire liability as between themselves only and without affecting the rights of the injured party to a joint and several judgment:
(a) Their relative degrees of fault shall be considered.
(b) If equity requires, the collective liability of some as a group shall constitute a single share.
(c) Principles of equity applicable to contribution generally shall apply.
It is against this statutory backdrop that the Court is asked to address plaintiffs right to contribution under the 1995 tort reform legislation. MCL 600.2956 states:
Except as provided in [MCL 600.6304], in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint. However, this section does not abolish an employer’s vicarious liability for an act or omission of the employer’s employee.
MCL 600.2957(1) similarly states:
In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to [MCL 600.6304], in direct proportion to the person’s percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
In connection with the above, the relevant portion of MCL 600.6304 provides:
*69 (1) In an action based on tort or another legal theory-seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:
(a) The total amount of each plaintiffs damages.
(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.
(4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided in subsection (6), a person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1).
ANALYSIS
After reviewing the statutory provisions cited above, I agree with much of the rationale used by the Court of Appeals in this case and in its previous opinion in Kokx v Bylenga, 241 Mich App 655; 617 NW2d 368 (2000). The essence of these opinions is that the 1995 tort reform legislation has prevented and rendered unnecessary most claims for contribution in personal injury accidents.
Contribution remains a useful tool for fault and liability allocation in certain other circumstances. The Court of Appeals in Kokx opined:
[UJnder the plain and mandatory language of the revised statutes, a defendant cannot be held liable for dam *70 ages beyond the defendant’s pro-rata share, except in certain specified circumstances. Accordingly, in actions based on tort or another legal theory seeking damages for personal injury ... there would be no basis for a claim of contribution. Moreover, because joint liability remains in certain circumstances, the Legislature would have no reason to repeal § 2925a, which provides for a right of contribution .... [Id. at 663.]
I agree with these observations. For example, MCL 600.2956 continues to recognize that common or joint liability exists in claims involving “an employer’s vicarious liability . ...” And MCL 600.6304(6) specifically provides for joint liability in medical malpractice cases.
However, the statutory language at issue in this case supports defendants’ position. In order for one tortfeasor to recover contribution from others, he must pay the complainant more than his pro rata share of the common liability. The amount that he may recover from the others is limited to the amount he paid to the complainant in excess of that for which he was hable. MCL 600.2925a(2). See also MCL 600.2925c(4). In this case, before any such calculation may be entertained, plaintiff must establish that under MCL 600.2957 or MCL 600.6304 there is common liability among the defendants.
This Court has previously discussed the interplay between contribution and “common liability” as follows:
The general rule of contribution is that one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares. [Caldwell v Fox, 394 Mich 401, 417; 231 NW2d 46 (1975) (emphasis added).]
*71 Thus, in order to enforce contribution under the revised act, it is necessary that the tortfeasors “commonly share a burden of tort liability or, as it is sometimes put, there is a common burden of liability in tort.” O’Dowd v Gen Motors Corp, 419 Mich 597, 604-605; 358 NW2d 553 (1984). See also Caldwell, supra at 420 n 5.
However, although these older cases are useful to a point, they do not take into account the sweeping changes the Legislature made in tort reform in 1995. Sections 2956, 2957, and 6304 replaced the notion of common liability, which also has been referred to as, joint and several liability, with “fair-share liability.” See Smiley v Corrigan, 248 Mich App 51, 53 n 6; 638 NW2d 151 (2001), citing House Legislative Analysis, HB 4508 (Substitute H-6), April 27, 1995, p 3. Thus, because liability can no longer be joint but is now solely several under circumstances such as exist in this case, there is no basis for contribution. There is no “common liability” from which to seek it. See Restatement Torts, Apportionment of Liability, 3d, § B19, comment k, p 183.
The majority adopts plaintiffs argument that § 2925a(l), because it refers to persons who become “jointly or severally liable,” may apply to cases in which tortfeasors are severally liable under MCL 600.2956. However, plaintiff fails to evaluate § 2925a(l) in conjunction with the limitation in § 2925a(2). That subsection expressly restricts the right of contribution to circumstances where there has been a payment of greater than one’s pro rata share of “common liability.” See also § 2925c(4).
Thus, it is not enough that tortfeasors are “jointly or severally hable.” Before contribution can be sought, they must share a “common liability.” This does not *72 occur when the liability of tortfeasors is several. As stated in Restatement Torts, Apportionment of Liability, 3d, § 11, p 108:
When, under applicable law, a person is severally liable to an injured person for an indivisible injury, the injured person may recover only the severally liable person’s comparative-responsibility share of the injured person’s damages.
I also find comment c of the same provision persuasive:
c. Contribution by severally liable defendant. When all defendants are severally liable, each one is separately liable for that portion of the plaintiffs damages. Since overlapping liability cannot occur, severally hable defendants will not have any right to assert a contribution claim. [Id., p 109.]
Therefore, the conclusion in Salim v LaGuire,[2] that common liability could exist among individuals responsible for an accident causing a single indivisible injury, may have been correct before the enactment of tort reform. However, the injury involved in this case is no longer an “indivisible injury” under MCL 600.2925a. The Legislature has indicated its intention that these “indivisible injuries” now be divided.
In essence, what the majority appears to argue is that we should continue our notions of what, in the past, constituted an indivisible injury. In so doing, it ignores the intent of the Legislature in passing tort reform. The majority realizes that, had this case proceeded to trial, plaintiff could not have been held responsible for defendants’ negligence. (Ante at 57-58.) Yet, because plaintiff chose to settle before trial, the majority maintains that the injury remains indivisible and thus plaintiff’s contribution action is viable.
*73 I conclude that the Legislature did not intend that a tortfeasor’s legal liability for personal injury be governed by the gamesmanship and legal strategies of his fellow tortfeasors.[3] Implicit in the majority’s opinion is the premise that an injury only becomes divisible when a jury divides it. I cannot accept this position. It would allow the parties to circumvent the tort reform statutes during settlement. Rather, the Legislature has based tortfeasors’ potential liability on the cause of action involved, and what cause is involved is determined at the commencement of litigation.
The majority’s analysis relies on case law decided before the existence of tort reform. It uses this law to frustrate the Legislature’s recognition that injuries may now share a common origin or cause, yet result in no common liability or burden in tort.
Similarly, a plaintiff should not rely on the language of MCL 600.2925b merely because it sets out guidelines for determining the “pro rata shares” of common liability. The statute does not expose a plaintiff to greater liability than it would otherwise have under § 2956, § 2957, and § 6304. Where common liability exists, a review could be made of the measure of pro rata shares under MCL 600.2925b, possibly subjecting a tortfeasor to more liability than his actual percentage of fault. However, § 2925b does not apply where there is no common liability.
Thus, I think it clear that a pro rata division can be made only when tortfeasors actually share a common tort burden or liability. Because this case is a personal injury action, it is governed by MCL 600.2956 and, pursuant to that statute, there is no common liability. *74 Hence, plaintiffs insured was responsible only for its own separate liability to Ash and Nicastri. This fact did not change simply because plaintiff chose to settle instead of proceeding to a jury determination of the actual percentages of fault of plaintiffs insured and defendants.
Even if plaintiff deliberately paid more than its pro rata share of the total liability, it cannot recover any of that excess from defendants. As the Court of Appeals aptly stated, “plaintiffs decision to voluntarily pay pursuant to a settlement must be attributed to its own assessment of liability based on its insured’s negligence.” 254 Mich App 247-248. This view is certainly not unusual:
In a several liability system, the nonsettling tortfeasor is held only for his comparative fault share. In determining the percentage responsibility of the nonsettling tortfeasor, jurors must determine the comparative share of every tortfeasor, including those who have settled. However, a determination that A’s fault was 50% and B’s fault was 50% does not affect A’s settlement or his liability. It merely means that B is liable for 50%, no more, no less. If A paid more than 50% of the damages, that was his decision. If he paid less, the plaintiff made a bad bargain, but none of this matters to B’s liability. [2 Dobbs, The Law of Torts, Practitioner Treatise Series (2001), § 390, p 1088.]
The majority opinion discusses at length how my reading of these statutes creates a disincentive to voluntary settlement (Ante at 60-63 to conclusion.) However, it also acknowledges that “[a] primary purpose underlying ‘contribution’ was to mitigate the unfairness resulting to a jointly and severally hable tortfeasor who had been required to pay an entire judgment in cases in which other tortfeasors also contributed to an injury.” (Ante at 50.) Allowing a contribution action in *75 this case does not serve the Legislature’s purpose in enacting tort reform, which changed the scheme to fair-share liability.
Moreover, while settlements are generally favored, neither MCL 600.2925a nor MCL 600.6304 makes clear that the Legislature’s goal was to promote voluntary settlement.[4] Instead, their provisions are designed to allocate liability. They place the risk of, and burden for, payment upon a party only to the extent that it is actually responsible for an injury. This applies even if the injury traditionally would be viewed as indivisible.
The logic of the majority’s position that its interpretation encourages settlement and mine hinders it is shaky. Once parties know the rules involving their negotiations, settlement will be facilitated. Clarifying the statute’s meaning so that the parties know the extent of their liability aids negotiations. It does not preclude them.
In addition, I find questionable the assertion that allowing contribution actions under these circumstances will foster settlement goals. The majority fails to recognize the untenable position in which parties will be placed during settlement negotiations as a result of its decision. The parties will be left to negotiate portions of claims for which they have no possible liability. The better position is to leave negotiations over those portions to the parties actually responsible.
The parties must recognize that, under tort reform, each tortfeasor cannot be held responsible for more than his fair share of the liability for a plaintiffs injury. *76 But they must also pretend the contrary, that each is potentially liable for the whole of a plaintiffs injuries. Thus, in deciding whether to settle a claim, tortfeasors must calculate into their settlement decisions certain risks for liability that the Legislature has stated do not exist. The majority’s conclusions inject unnecessary confusion into the settlement process involving personal injury actions.
CONCLUSION
The language in MCL 600.2925a(2) and 600.2925c(4) allows recovery in a contribution action based on “common liability” only. MCL 600.2956 precludes common liability in a personal injury lawsuit. Because the lawsuit underlying this action was for personal injury, plaintiffs insured could not be held liable for contribution. It is liable only for its “fair share” of the damages incurred by Ash and Nicastri based on its percentage of fault.
Accordingly, plaintiff cannot justifiably state that when it settled with Ash and Nicastri it was at risk of shouldering more than its fair share of a common burden. It cannot now recover contribution from defendants on the theory that it paid more than its pro rata share of such liability.
Therefore, I respectfully dissent from the majority’s decision that contribution is possible here. I would instead affirm the decision of the Court of Appeals.
CAVANAGH, J., concurred with KELLY, J.

 1995 PA 161 and 1995 PA 249.

 138 Mich App 334, 340; 361 NW2d 9 (1984).

 I note that the majority omits the fact that plaintiff had already entered into a separate settlement agreement with defendant Lawson before it brought this contribution action.

 I recognize that the language of MCL 600.2925a(3) discusses what must be done during settlement negotiations to permit a subsequent contribution action. However, I read this language as barring tortfeasors who do not first seek the inclusion of other potentially hable parties in settlement negotiations, not as a policy statement preferring settlement.