*41 KELLY, J.
(concurring). The issue here is whether the common-law setoff rule applies in this vehicle-owner vicarious-liability case. The majority decides that it does. I agree. But I write separately to offer another view of the issue.
For many years, the rule in this state was that concurrent tortfeasors were jointly and severally liable.[1] As this Court explained:
This meant that where multiple tortfeasors caused a single or indivisible injury, the injured party could either sue all tortfeasors jointly or he could sue any individual tortfeasor severally, and each individual tortfeasor was liable for the entire judgment, although the injured party was entitled to full compensation only once.[2]
A corollary of joint and several liability was that, if one of the tortfeasors settled, the judgment against the nonsettling defendant was reduced by the settlement amount. Thus, the injured party was limited to one full recovery.[3] This limitation became known as the common-law setoff rule.
Tort reform altered the general rule that liability was joint and several. Specifically, MCL 600.2956 reads: “Except as provided in [MCL 600.6304], in an action based on tort or another legal theory seeking damages for personal injury, properly damage, or wrongful death, the liability of each defendant for damages is several only and is not joint.” Accordingly, after tort reform, liabiliiy is several, though there are specific exceptions for which joint and several liabiliiy survives.[4]
*42 This case involves the vehicle-owner liability statute.[5] It makes the owner of an automobile liable for the negligence of a driver who uses the automobile with the owner’s permission.[6] Notably, though the statute imposes liability on the owner regardless of whether he or she was negligent, no statute specifically provides that vehicle-owner vicarious-liability is an exception to several liability.
Because there is no specific exception to several liability for vehicle-owner vicarious liability, the plaintiff contends that the setoff rule does not apply. The Court of Appeals accepted this argument, reasoning that, when liability is several, no need exists to reduce the award entered against the nonsettling tortfeasor by the amount the settling tortfeasor paid. Each defendant is liable for no more than the percentage of damages attributable to his or her own negligence.[7]
The reasoning employed by the Court of Appeals is generally accurate. When liability is several, each tortfeasor ordinarily will be liable for the percentage of damages attributable to his or her own negligence.[8] A setoff will be unnecessary because, even without it, the plaintiff will recover full compensation only once. But in cases like this one, in which liability is not based on a tortfeasor’s own negligence but is imposed by a statute, the Court of Appeals reasoning falls apart.
Only the driver of the car is liable on the basis of negligence. The owner of the car is liable because a statute specifically imposes liability on him or her, not because the owner was negligent. Therefore, when the *43 vehicle-owner liability statute applies and there is no setoff, the injured party could recover more than full compensation. For example, when, as here, the owner settles and the driver goes to trial, the injured party will receive both the settlement amount and the judgment rendered against the driver. This will necessarily mean that the injured party will recover more than full compensation, given that the award against the driver represents the total amount of the injured party’s damages.
The common-law setoff rule is based on the premise that a plaintiff is entitled to no more than full recovery for his or her injuries. Importantly, tort reform did nothing to overrule the common-law setoff rule. It simply makes it unnecessary to apply the rule in most situations. But in cases like this one, in which it is necessary to apply the rule to prevent overcompensation, its application is appropriate. Thus, I concur in the decision of the majority to reverse the judgment of the Court of Appeals and hold that the setoff was proper in this case.

 Gerling Konzern Allgemeine Versicherungs AG v Lawson, 472 Mich 44, 49; 693 NW2d 149 (2005).

2 Id.

 Thick v Lapeer Metal Products, 419 Mich 342, 348 n 1; 353 NW2d 464 (1984).

 See MCL 600.6304(6)(a); MCL 600.6312.

 MCL 257.401(1).

 Id.

 Kaiser v Allen, unpublished opinion per curiam of the Court of Appeals, issued October 31, 2006 (Docket No. 264600).

 See MCL 600.2957(1); MCL 600.6304(4) and (8).